FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Oct 30, 2023

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| JOHN WAYNE JENNINGS,<br><br>      Petitioner,<br><br>v.<br><br>RONALD HAYNES,<br><br>      Respondent. | NO: 2:23-CV-0231-TOR<br><br>ORDER DISMISSING HABEAS ACTION |

BEFORE THE COURT is Petitioner John Wayne Jennings' First Amended Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241, signed on October 19, 2023. ECF No. 8 at 39. Petitioner, a prisoner at the Airway Heights Corrections Center ("AHCC") is proceeding *pro se* and *in forma pauperis*. Respondent has not been served.

By Order filed September 7, 2023, the Court advised Petitioner of the deficiencies of his initial petition and instructed that if he intended to proceed with this action, then he must file an amended petition that clearly and concisely states

ORDER DISMISSING HABEAS ACTION -- 1

his grounds for federal habeas corpus relief and the facts supporting each ground. ECF No. 7 at 3. Having liberally construing Petitioner's First Amended Petition in the light most favorable to Petitioner, the Court finds that his submission, consisting of 93 pages, fails to cure the deficiencies of the initial petition.

## SUMMARY DISMISSAL

Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts ("Habeas Rules") provides for the summary dismissal of a habeas petition "[i]f it plainly appears from the face of the petition and any exhibits annexed to it that the petition is not entitled to relief in the district court." Here, Petitioner is not entitled to federal habeas relief.

## AMENDED PETITION

Petitioner asserts that he believes the Washington State Court of Appeals dismissed his conviction on May 17, 2021, when a mandate was issued. ECF No. 8 at 1. He claims that the Okanogan County Superior Court "refuses a hearing on the mandate" and directs the Court's attention to his exhibits and an addendum. *Id.*

Petitioner avers that the Okanogan County Superior Court held a "habeas hearing" on March 29, 2023, in case number 13-1-0039501, but dismissed it due to lack of jurisdiction. *Id.* at 2. Petitioner also references the date of November 23, 2015, claiming "illegal detention," and the date of July 17, 2021, claiming "overdetention." *Id.*

Petitioner indicates that he contacted the AHCC Resolution Office on June 25, 2023, to "appeal" the issue of being "overly detained," but this was "not accepted." *Id.* He states that he again contacted the AHCC Resolution Office on June 29, 2023, but his contentions concerning being "overly detained" and "denied an administrative hearing" were "not accepted." *Id.* at 2–3. Petitioner states that his attempt to contact the Department of Corrections Resolution Program Manager's Office on August 14, 2023, was referred to the AHCC Resolution Office. *Id.* at 3. Petitioner states that he is "not specifically challenging the validity of his conviction or sentence as imposed" and he is "not in federal custody." *Id.* at 4.

As his single ground for relief, Petitioner asserts "All Convictions have been dismissed. There is no valid conviction upon which to base continued detention." *Id.* at 6. Petitioner, however, provides no basis for his asserted belief that his conviction has been "dismissed."

Based on documents attached to the First Amended Petition, including the Ruling of the Court of Appeals of the State of Washington, Division III, filed on October 19, 2020, Petitioner's conviction for First Degree Murder was affirmed on appeal with a mandate issuing on November 8, 2018; Petitioner received a sentence reduction of thirteen months based on the dismissal of another conviction; and he was re-sentenced to 380 months on November 27, 2018. *Id.* at 19-20. Petitioner

ORDER DISMISSING HABEAS ACTION -- 3

provides nothing showing the October 19, 2020 Ruling has been overturned. Consequently, Petitioner's assertion of "overdetention" is frivolous.

**ACCORDINGLY, IT IS HEREBY ORDERED:**

1. The First Amended Petition for Writ of Habeas Corpus, ECF No. 8, is **DISMISSED WITH PREJUDICE** pursuant to Habeas Rule 4.

2. The Court certifies that there is no basis upon which to issue a certificate of appealability. 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b).

The Clerk of Court is directed to enter this Order, enter judgment, provide copies to Petitioner, and **CLOSE** the file.

DATED October 30, 2023.



THOMAS O. RICE
United States District Judge

ORDER DISMISSING HABEAS ACTION -- 4